UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS, LOCAL 4112,

                      Plaintiff,

– against –

MODIVATIVE FLOORING SYSTEMS, INC.,

                      Defendant.

**OPINION AND ORDER**

14 Civ. 01792 (ER)

Ramos, D.J.:

This case arises out of two collective bargaining agreements ("CBAs") between the parties. New York City District Council of Carpenters, Local 4112 ("Plaintiff") commenced this action to confirm an arbitration award issued against Modivative Flooring Systems, Inc. ("Defendant"). The action was filed under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Plaintiff also seeks attorney's fees and costs. Before the Court is Plaintiff's unopposed motion for summary judgement to confirm the arbitration award. Doc. 12. For the reasons stated below, Plaintiff's motion is GRANTED.

**I.    Background**

In 2002, Defendant entered into two CBAs—the Independent Resilient Floor Coverers Agreement (the "Floor Coverers CBA") and the Independent Building Construction Agreement (the "Building Construction CBA")—with Plaintiff, covering the time period from July 1, 2001 to June 30, 2006. Pl.'s 56.1 Statement ("Pl.'s 56.1) ¶ 2 . Defendant later signed an agreement extending the terms of the CBAs until the parties negotiate new agreements. *Id*. at ¶ 3. The CBAs require Defendant to pay certain wages and fringe benefits for all hours of carpentry work

performed by its employees within Plaintiff's jurisdiction. *Id*. at ¶ 4. The CBAs provide that disputes and grievances shall be submitted to arbitration. *Id*. at ¶ 5. They also provide that the parties will equally bear the costs of arbitration, including the arbitrator's fee, and that the prevailing party is entitled to receive all court costs and reasonable attorney's fees. *Id*. at ¶ 6.

Defendant failed to pay four of its employees—Warren Hutchinson, Perry Fairchild, Glenn Clark, and Gleydon Arruda—all required wages and benefits pursuant to the CBAs. *Id*. at ¶ 7. In December 2011 and January 2012, Plaintiff filed grievances on behalf of the employees, and subsequently filed a demand for arbitration on November 15, 2013. *Id*. at ¶ 8. A hearing was held before arbitrator Roger Maher on December 18, 2013, with Defendant's president appearing on its behalf. Ex. E. The arbitrator issued an award on February 3, 2014, finding that Defendant had violated the terms of the CBAs and directing it to pay (1) wages to Hutchinson in the amount of $3,345.52, Fairchild in the amount of $6,647.02, Clark in the amount of $3,961.80, and Arruda in the amount of $12,765.30; (2) fringe benefits to the New York City District Council of Carpenters Benefits Funds (the "Funds") in the amount of $23,600.16; and (3) $1,000, representing one half of the arbitrator's fee. Pl.'s 56.1 at ¶¶ 9–10. The arbitrator further ordered that in the event Defendant failed to comply with the terms of the award and Plaintiff was required to enforce the arbitration award in court, Defendants would be liable for Plaintiff's attorney's fees in the amount of $2,500. *Id*. at ¶ 10; Ex. E at 4. Defendant failed to pay any portion of the arbitration award, and Plaintiff commenced this action on March 12, 2014. Doc. 1. Defendant did not answer the complaint or move to vacate the award. Plaintiff moved for summary judgment on June 23, 2017. Doc. 12. To date, Defendant has not responded to Plaintiff's motion or otherwise appeared in this action.

## II. Legal Standard

### A. Federal Arbitration Act

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d at 110 (quoting *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 176 (2d Cir. 1984)). The court is required to grant the award unless it is vacated, modified, or corrected. *Id.* (quoting 9 U.S.C. § 9). Hence, an application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation [,] "[a]rbitration awards are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Folkways Music Publishers, Inc. v. Weiss,* 989 F.2d 108, 111 (2d Cir. 1993)) (internal quotation marks omitted) (alteration in original). It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case[.]" *D.H. Blair & Co.*, 462 F.3d at 110 (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)) (internal quotation marks omitted). In short, as long as there is "a barely colorable justification for the outcome reached[,]" a court should enforce an arbitration award—even if it disagrees with it on the merits. *Landy Michaels Realty Corp. v. Local 32B–32J, Serv. Employees Int'l Union, AFL–CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (internal citation and quotation marks omitted).

### B. Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.* The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). Conversely, "[w]hen the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009) (citing *Celotex Corp.,* 477 U.S. at 322–23). If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) (citing *Celotex Corp.,* 477 U.S. at 322–23).

In deciding a motion for summary judgment, the Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.,* 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)) (internal quotation marks omitted). Even if a motion for summary judgment is unopposed, courts are

required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vermont Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993)) (internal quotation marks omitted). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

### III. Discussion

#### A. Confirmation of the Arbitration Award

The Court has conducted the requisite limited review of the CBAs and the arbitration award. The arbitrator was acting within the scope of his authority, as granted to him by the CBAs. *See* Floor Coverers CBA art. VI, XI, XIV; Building Construction CBA art. XI, XII, XV. During the hearing, in which Defendant participated, Defendant represented to the arbitrator that a contractor for which it had done work sent a check for $13,700.00 on its behalf to Plaintiff. Ex. E. Based on that representation, the arbitrator briefly recessed the hearing so that Plaintiff could review Defendant's claim. Plaintiff's staff was unable to determine whether the purported check was ever received, and the arbitrator gave Defendant additional time to produce copies of the check. *Id*. Defendant never provided copies of the purported check or any other evidence that payment was made to Plaintiff on its behalf. *Id*. Accordingly, the arbitrator concluded that Defendant violated the CBAs by failing to pay wages and fringe benefits for all the hours of carpentry work performed by Hutchinson, Fairchild, Clark, and Arruda. Ex. E.

5

There is much more than a "barely colorable justification for the outcome reached." *Landy*, 954 F.2d at 797; *see also Trustees of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012) ("Where, as here, there is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party."). Thus, based on the record provided, together with the appropriate narrow level of review, the Court finds that there is no disputed issue of material fact and confirms all portions of the arbitration award other than the prospective award of attorney's fees, which is discussed below.

### B. Attorney's Fees and Costs

As noted above, the arbitrator ruled that if Defendant failed to comply with the arbitration award and Plaintiff needed to seek enforcement of the award in court, Defendant would be liable for Plaintiff's related attorney's fees in the amount of $2,500.00. Ex. E at 10. A broad arbitration clause may empower an arbitrator to award attorney's fees as a sanction for bad faith conduct in the arbitration itself. *New York City Dist. Council of Carpenters v. Gen-Cap Industries, Inc.*, No. 11 Civ. 8425 (JMF), 2012 WL 2958265, at *4 (S.D.N.Y. July 20, 2012) (citations omitted). However, the CBAs here did not authorize the arbitrator to order attorney's fees prospectively in the event of non-compliance with the award. "[A]n arbitrator's authority is established only through the contract between the parties who have subjected themselves to arbitration, and an arbitrator may not exceed the power granted to it by the contract." *Id*. (citations omitted). "Where the arbitrator goes beyond that self-limiting agreement between consenting parties, it acts inherently without power, and an award ordered under such circumstances must be vacated." *Porzig v. Dresdner, Kleinwort, Benson, North America, LLC*,

6

497 F.3d 133, 140 (2d Cir. 2007). Accordingly, the portion of the arbitration award granting prospective attorney's fees in the amount of $2,500.00 is vacated.

Nevertheless, "courts have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (collecting cases). Given that Defendant has not abided by the arbitration award and has failed to participate in this action, the Court finds that an award of attorney's fees and costs is appropriate. "As a general matter, the starting point in analyzing whether claimed attorneys' fees are reasonable is the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc.,* No. 13 Civ. 2608 (JGK), 2014 WL 840965, at *10 (S.D.N.Y. Mar. 4, 2014) (quoting *Millea v. Metro–N. R. Co.*, 658 F.3d 154, 166 (2d Cir.2011)) (internal quotation marks omitted).

In order to support their request for attorney's fees, a plaintiff must submit "contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id*. (quoting *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). Plaintiff was represented by the law firm of Virginia and Ambinder, LLP ("V&A"). Plaintiff has submitted copies of V&A's contemporaneous billing records, and seeks $6,097.67 for 31.48 total hours of work at the following rates: $250 per hour for two of counsel, $200 per hour for three associates, and $90 per hour for four legal assistants. Dickerson Decl. ¶¶ 4–9. Courts within this District have found fees at similar rates for a greater number of attorney hours involving similar matters to be

7

reasonable. *See e.g. Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Strong Partitions Inc.,* No. 13 Civ. 6648 (PKC), 2014 WL 1275696, at *4 (S.D.N.Y. Mar. 25, 2014) (awarding $4,532.50 in attorney's fees representing 25.40 hours of work performed at rates ranging from $90 to $250 per hour); *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund, Charity Fund v. Anthem Contracting Inc.*, No. 11 Civ. 9167 (JGK), 2013 WL 2111285, at *3 (S.D.N.Y. May 16, 2013) (awarding $3,548 in attorney's fees for 20 hours of work at rates ranging from $90 to $250 per hour). Plaintiff has satisfied its burden in demonstrating that the attorney's fees and costs it seeks to recover are reasonable; therefore, the Court grants Plaintiff attorney's fees in the amount of $6,097.67, along with costs in the amount of $503.66, totaling $6,601.33.

**IV.    Conclusion**

For the reasons stated above, Plaintiff's motion for summary judgment is GRANTED. The arbitration award is confirmed—except for the portion of the award directing Defendant to pay $2,500 in prospective attorney's fees—and the Clerk of the Court is directed to enter judgment in favor of Plaintiff in the amount of $51,319.80, representing the unpaid wages, benefits, and arbitrator's fees pursuant to the arbitration award, with interest to accrue at the rate of 1.78%[1] from February 3, 2014—the date of the arbitration award—through the date of

---

[1] This rate represents the average one-year constant maturity Treasury rate, as published by the Board of Governors of the Federal Reserve System, from January 9, 2018 to January 16, 2018.

judgment. The Court also GRANTS Plaintiff's request for attorney's fees and costs in the amount of $6,601.33.

The Clerk of the Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   January 17, 2018
         New York, New York

                                                            Edgardo Ramos, U.S.D.J.